IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01811-BNB

PHILLIP ANTHONY VARNER,

Plaintiff,

v.

BRADLEY LUEBKE, Greeley Police Officer,
PA BRIDGE, Greeley Police Officer,
CODY MASON, Greeley Police Officer,
KEN AMICK, individually and severally,
BRIAN HUNZIUKER, individually and severally, and
CITY OF GREELEY,

Defendants.

_____

**ORDER**
_____

This action was commenced on June 30, 2014, by the filing of a complaint. The complaint generally alleges that Greeley police officers used excessive force against the plaintiff on April 12, 2013.

Rule 4(m), Fed. R. Civ. P., requires that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In this case, the 120 day limit expired on October 28, 2014.

I now am informed that the plaintiff died on July 28, 2014. Motion to Vacate Scheduling Conference [Doc. # 6, filed 1/5/2015] (the "Motion"). The Motion recites that "[t]he Personal Representative has recently been appointed by the probate court" but that plaintiff's counsel "has not received a response from the Personal Representative on how yet to proceed with the case."

Id. The Motion requests that the scheduling conference, set for January 12, 2015, be vacated and reset after January 21, 2015, "when probate court resolves the matter." Id.

No explanation is made about why the plaintiff's death was not previously brought to the attention of the court; no explanation is offered as to why it has taken approximately five months for a personal representative to be appointed; and it is unclear what the probate court will "resolve" on January 21, 2015.

Rule 4(m) requires that I either dismiss the case or order that service be made within a specified time. Consistent with that mandate, I will allow the plaintiff's personal representative until February 6, 2015, to complete service of process against the defendants. Failure to comply with these requirements may result in my order to show cause why the action should not be dismissed for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this order. See D.C.COLO.LCivR 41.1.

IT IS ORDERED:

(1) The Motion [Doc. # 6] is GRANTED. The scheduling conference set for January 12, 2015, is VACATED and RESET to March 16, 2015, at 9:00 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare and submit a proposed scheduling order on or before March 7, 2015.

(2) The plaintiff's personal representative shall be substituted for the plaintiff and shall cause service of process to be completed against the defendants on or before February 6, 2015.

Dated January 6, 2015.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge