**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01811-WJM-NYW

PHILLIP ANTHONY VARNER

     Plaintiff,

v.

BRADLEY LUBKE, Greeley Police Officer,
PA BRIDGE, Greeley Police Officer,
CODY MASON, Greeley Police Officer,
KEN AMICK, individually and severally,
BRIAN HUNZIKER, individually and severally, and
CITY OF GREELEY,

     Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

     Plaintiff's Motion to Dismiss [#12] filed March 4, 2015 is before the court pursuant to the Order referring this case to this Magistrate Judge [#16] and Memorandum [#17] and this court's prior order to show cause [#10] dated February 25, 2015.  Plaintiff Phillip Anthony Varner filed the original and operative Complaint in this matter on June 30, 2014 [#1].  Since that time, Mr. Varner passed away.  [#12, at 1].

     Pursuant to Fed. Rule Civ. P. 4(m), the court previously ordered on January 6, 2015 (well after expiration of the 120-day limit set by that Rule on October 28, 2014) that "plaintiff's personal representative shall be substituted for the [now deceased] plaintiff and shall cause service of process to be completed against the defendants on or before February 6, 2015."  [#7]  Plaintiff's counsel and personal representative were cautioned that a failure to do so "may result

in [an] order to show cause why the action should not be dismissed for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this order." [*Id.*] On February 25, 2015, the court accordingly issued the contemplated order to show cause, as no service on any defendant or substitution of party had been made. [#11].

On March 4, 2015, Plaintiff's counsel filed the Motion to Dismiss this action, seeking an order of dismissal without prejudice. In the Motion to Dismiss, Plaintiff's counsel stated that he had contacted Mr. Varner's mother, Patricia Ballek, who would serve as Mr. Varner's personal representative, and Mr. Varner's family "wishes to preserve whatever rights they may have in their son's case, without incurring additional costs." [#12, a 2]. Ms. Ballek did not, however, seek to substitute as plaintiff in the case at this time. [*Id.*].

Accordingly, I respectfully RECOMMEND that:

(1)     This case be DISMISSED WITHOUT PREJUDICE; and

(2)     The Motion to Withdraw as Counsel filed on February 12, 2015 be DENIED as MOOT.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or forh appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines*

DATED: March 17, 2015                             BY THE COURT:

                                                                           /s/ Nina Y. Wang_____
                                                                           United States Magistrate Judge

---

*Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).